**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 24 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

PHILLIP L. SAVING,

    Defendant-Appellant.

No. 03-3209
(D.C. No. 02-CR-20054-CM)
(Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **McCONNELL**, Circuit Judge.

---

In a one count indictment Phillip Saving (the defendant) was charged with knowingly possessing materials which contained visual depictions of minors, the production of which involved the use of minors in sexually explicit conduct, and which visual depictions were of such conduct, which had been mailed, shipped and transported by any means, including computers, in interstate commerce, in violation of 18 U.S.C. § 2252(a)(4)(B).[1] Prior to trial the defendant filed a motion to suppress the evidence

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] In upholding an Ohio statute prohibiting the possession of child pornography, the Supreme Court explained the rationale behind penalizing those who possess images of

obtained in the search of his computer. In this regard, it was the defendant's contention that his consent to search his computer was involuntary, and that, in any event, the ensuing search exceeded the scope of his consent. The government filed a response to defendant's motion to suppress, contending, *inter alia,* that the defendant first verbally consented to the search of his computer, and then, later, consented in writing, to a continued search of the computer.

A hearing was held on the motion to suppress, and the response thereto, at which time two agents of the Federal Bureau of Investigation testified. The defendant also testified. At the conclusion of the hearing, the district court denied the motion to suppress from the bench, holding that both of the defendant's "consents" were voluntarily given, and that, all things considered, the search, or searches, did not exceed the scope of the consents.

Subsequent thereto the defendant, pursuant to a plea agreement, entered a conditional plea of guilty, reserving his right to obtain appellate review of the district court's denial of his motion to suppress. Fed. R. Crim. P. 11(a)(2). Defendant was thereafter sentenced to 27 months imprisonment. On appeal, the only issue raised is whether the district court erred in denying the defendant's motion to suppress. According

---

child pornography. "[I]n order to protect the victims of child pornography, it hopes to destroy a market for the exploitative use of children. . . . It is also surely reasonable for the State to conclude that it will decrease the production of child pornography if it penalizes those who possess and view the product, thereby decreasing demand." *Osborne v. Ohio*, 495 U.S. 103, 109 (1990).

to counsel, the totality of the evidence showed that the defendant's "consents" – one oral and one written – were both involuntary and, alternatively, that the scope of either consent was exceeded by the actual search. We disagree and affirm.

When reviewing a district court's denial of a motion to suppress, this court accepts the district court's factual findings unless they are clearly erroneous, viewing the evidence in the light most favorable to the government. *See United States v. Basham*, 268 F.3d 1199, 1203 (10th Cir. 2001). This court reviews *de novo* the legal question of whether a search violated the defendant's Fourth Amendment rights. *Id.*

Our reading of the transcript of the hearing held on the motion to suppress convinces us that the district court's findings of fact are not clearly erroneous and, *de novo*, we conclude there was no violation of the defendant's Fourth Amendment rights.

Judgment affirmed.


Entered for the Court,


Robert H. McWilliams
Senior Circuit Judge